**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTOPHER E. BATRES,** | **NO. CV 20-4495-JFW (KS)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| **WARDEN, et al,** | |
| **Defendant.** | |

## I.    INTRODUCTION

On May 19, 2020, Plaintiff, a California state prisoner who is proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint").   (Dkt. No. 1; *see also* Dkt. No. 6 (granting request for leave to proceed without prepayment of filing fee).)   In civil rights actions brought by prisoners, Congress requires district courts to dismiss the complaint if the court determines that the complaint, or any portion thereof:  (1) is frivolous or malicious; (2)

1

fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.[1]  *See* 28 U.S.C.A. § 1915A.

In determining whether a complaint should be dismissed at screening, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6):  "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Thus, the plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

When a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)).  In giving liberal interpretation to a *pro se* complaint, however, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of

---

[1]      Even when a plaintiff is neither a prisoner nor proceeding *in forma pauperis*, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a trial court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources").

fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the court finds that a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (internal quotation marks omitted); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). However, if amendment of the pleading would be futile, leave to amend may be denied. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of a motion for leave to amend,' *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), [a]nd the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

For the following reasons, the Court finds that the Complaint fails to state a cognizable claim for relief and must be dismissed.[2]  However, leave to amend is granted.

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following individuals:  P. Finander, job title not specified, in his individual and official capacity; Robert Strecker, attending caregiver, in his individual and official capacity; R. Cortazar, a Senior Register Nurse at Ironwood State Prison, in her individual and official capacity; and Anthony Khu, Register Nurse at Ironwood State Prison, in his individual and official capacity.  (Complaint at 3-4.)

The Complaint alleges that, on February 10, 2017, Plaintiff went to the yard clinic because he was feeling weakness on the left side of his body.  (Complaint at 5.)   An

_____

[2]        Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

3

1 unidentified clinic corrections officer listened to Plaintiff's concerns and summoned a clinic
2 nurse. (Complaint at 6.)[3]   The clinic nurse, "Nurse Jane Doe," assessed Plaintiff and
3 determined that he was showing early signs of a stroke. (Complaint at 6.)  Plaintiff started
4 feeling worse and was sent to the Trauma Treatment Area ("T.T.A."), where he saw Defendant
5 Cortazar. (Complaint at 6, 14.)   Defendant Cortazar stated, "This inmate is faking it"
6 (Complaint at 6) and "failed to proper[ly] assess [Plaintiff's] concerns" (Complaint at 16).
7 Plaintiff was then taken to Palo Verde Hospital in Blythe, California  (Complaint at 6.)  On
8 February 11, 2017, Plaintiff was taken to R.U.H.S. in Moreno Valley, and, on February 18,
9 2017, he was taken to the Tri-City Medical Center in Oceanside. (Complaint at 6.)  On April
10 5, 2017, Plaintiff was taken back to Palo Verde Hospital, "also Eisenhower Medical Center
11 Rancho Mirage, California, November 19, 2017." (Complaint at 6-7.)  At some point, Plaintiff
12 was transferred to the California Healthcare Facility in Stockton for "higher" treatment and
13 rehabilitation so that he could learn to walk again. (Complaint at 8.)

14

15       The Complaint states that Defendant Cortazar's conduct caused Plaintiff to suffer undue
16 physical harm. (Complaint at 7 (citing "Prison Policy, section 32.71").) The Complaint asserts
17 that Defendant Cortazar "has failed to investigate [Plaintiff's] ongoing condition of high blood
18 pressure." (Complaint at 10.)  The Complaint alleges that Defendant Cortazar's response to
19 Plaintiff's condition exhibited deliberate indifference to Plaintiff's serious medical needs in
20 violation of the Eight Amendment. (*See* Complaint at 6-11.)  The Complaint also alleges a
21 violation of the Americans with Disabilities Act ("ADA"). (Complaint at 11 ("'Americans
22 with Disabilities Act' has been violated.").)

23

24       With respect to the Warden, the Complaint asserts that the warden of an institution is
25 responsible for the custody, treatment, training, and discipline of all inmates under his charge.
26 (Complaint at 13.)

27

28 ───────────────
[3]       The Court cites to the Complaint and its attachments as though they formed a single consecutively paginated document.

4

Plaintiff seeks a jury trial and compensatory and punitive damages "due to medical malpractice, on all defendants stated in this conspiracy," which resulted in Plaintiff's inability to walk. (Complaint at 11, 14, 16.) Plaintiff also seeks the appointment of counsel because of his lack of knowledge of the law, the process, and the procedure.[4] (Complaint at 14, 16.)

Plaintiff attached to the Complaint the administrative grievances he filed about his medical care and about the inadequacy of the accommodations made for him following his stroke, the responses he received, and a response from the California Government Claims Program to the claim Plaintiff presented on May 13, 2019. (Complaint, Ex. 1.)

## III.   DISCUSSION

**A. The Complaint Fails to State an Eighth Amendment Claim Against Defendant Cortazar.**

To assert an Eighth Amendment claim based on prison medical treatment, or lack thereof, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need – that is, that the defendant was both "(a) subjectively aware of the serious medical need and (b) failed to adequately respond." *Rosati*, 791 F.3d at 1039. A serious medical need exists only if a failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A defendant acts with deliberate indifference by treating, or declining to treat, the plaintiff in a manner that is "medically unacceptable under the circumstances," and "in conscious disregard of an excessive risk to [the inmate]'s health." *Rosati*, 791 F.3d at 1039 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). An "inadvertent or negligent failure to provide adequate medical care alone does not state a claim

---

[4]    The Court addresses Plaintiff's request for the appointment of counsel in a separate order to be filed concurrently.

under § 1983." *Jett*, 439 F.3d at 1096 (internal brackets and quotation marks omitted). Accordingly, a prisoner does not state an Eighth Amendment claim solely by alleging that a prison medical provider acted negligently or committed medical malpractice. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2002).

Plaintiff has not alleged sufficient facts to support a plausible inference that any of the defendants knew that Plaintiff was suffering a stroke or faced some other excessive risk to his health and acted in conscious disregard of that excessive risk.  Instead, the Complaint states that he was sent to the Trauma Treatment Area ("T.T.A."), where he saw Defendant Cortazar. (Complaint at 6, 14.)  Defendant Cortazar stated, "This inmate is faking it" (Complaint at 6) and "failed to proper[ly] assess [Plaintiff's] concerns" (Complaint at 16). However, Plaintiff does not specify what symptoms he exhibited that either he, or someone else, reported to Defendant Cortazar nor what symptoms he experienced that were visible to the naked eye and/or that Defendant Cortazar reported observing.  (*See generally* Complaint at 6-14); *see also Rosati*, 791 F.3d at 1039 (plaintiff must plausibly allege that the defendant was subjectively aware of the serious medical need).  Accordingly, the Complaint fails to plausibly allege that Defendant Cortazar was subjectively aware of an excessive risk to his health. Further, beyond accusing Plaintiff of "faking it," it is unclear what action, or actions, Defendant Cortazar took that reflected her "conscious disregard" of the excessive risk to Plaintiff's health.  According to the Complaint, Plaintiff was transferred from the Trauma Treatment Area to a hospital, which suggests that, although Defendant Cortazar may have unfairly maligned Plaintiff, she responded to his condition appropriately by transferring him to a hospital for additional treatment.

Accordingly, Plaintiff's claim against Defendant Cortazar must be DISMISSED for failure to state a claim.  However, leave to amend is GRANTED.  If Plaintiff wishes to file a First Amended Complaint, he shall either omit his claim against Defendant Cortazar or explain with precision what facts support the inferences that:  (1) Defendant Cortazar knew that

6

Plaintiff was facing an excessive risk of harm; and (2) took actions that exhibited a conscious disregard of that risk.

**B. The Complaint Fails to Allege Any Other Defendant's Participation in the Alleged Wrongdoing.**

Plaintiff sues several other individuals in addition to Defendant Cortazar:  P. Finander, job title not specified, in his individual and official capacity; Robert Strecker, attending caregiver, in his individual and official capacity; and Anthony Khu, Register Nurse at Ironwood State Prison, in his individual and official capacity.  (Complaint at 3-4.)  However, the Complaint is devoid of allegations about how these other Defendants participated in the wrongdoing alleged or otherwise caused Plaintiff to experience a violation of his rights under the Constitution or federal law.  "Liability . . . must be based on the personal involvement of the defendant."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here must be a showing of personal participation in the alleged rights deprivation.").  To demonstrate a civil rights violation against a government official, a plaintiff must show either direct, personal participation of the official in the harm or some sufficient causal connection between the official's conduct and the alleged constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011).  Further, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Rather, to be held liable, a supervising officer has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

There are no factual allegations against Defendants Finander, Strecker, or Khu.  Further, the sole allegation against the Warden is that he is responsible for the care of the inmates in

7

his custody.  As stated above, a prison warden may not be held liable for the unconstitutional conduct of his subordinates under a theory of respondeat superior.  *See Iqbal*, 556 U.S. at 676. Rather, to be held liable, a warden has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff.  *Larez*, 946 F.2d at 646.

Accordingly, Plaintiff's claims against Defendants Finander, Strecker, and Khu are DISMISSED for failure to state a claim.  However, leave to amend is GRANTED.  If Plaintiff wishes to file a First Amended Complaint, he shall either omit his claims against Defendants Finander, Strecker, and/or Khu or explain with precision what facts support the inference that each of these Defendants directly participated in the harm to Plaintiff or that there is some other causal connection between each of these Defendants' conduct and the legal injuries alleged.

**C.  The Complaint Fails to State a Claim Under the Americans with Disabilities Act.**

The Complaint refers vaguely to a violation of the Americans with Disabilities ("ADA").  (Complaint at 11 ("'Americans with Disabilities Act' has been violated.").)  Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq*., "prohibit[s] discrimination on the basis of disability" by "public entities," and the United States Supreme Court has held that "[s]tate prisons fall squarely within the statutory definition of 'public entity.'"  *Pennsylvania v. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208, 210 (1998).  To assert a violation of Title II of the ADA, Plaintiff must plausibly allege that:  (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services; and (3) such exclusion or discrimination was by reason of his disability.  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (citing *Weinrich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)); *see also* 42 U.S.C. § 12132.  However, Plaintiff has not clearly alleged what

8

his disability was at the time of the alleged discrimination or exclusion nor has he identified any program or service that he was excluded from, or discriminated against, because of that disability.  Accordingly, Plaintiff's ADA claim must be DISMISSED.

However, leave to amend is GRANTED.  If Plaintiff elects to file a First Amended Complaint, he shall either omit his ADA claim(s) or clearly identify which Defendants he believes violated the ADA as well as the disability he has and clearly explain how Defendants excluded him from participating in or otherwise discriminated against him in the provision of prison services because of that disability.

**D. The Eleventh Amendment Bars Claims For Damages Against Defendants in Their Official Capacity.**

Plaintiff sues Defendants in their individual and official capacity solely for damages.  As stated above, Plaintiff fails to state a claim against Defendants in their individual capacity.  Plaintiff's official capacity claims are also defective.

An "official capacity suit is, in all respects other than name, to be treated as a suit against the entity" and not against the official personally.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Thus, Plaintiff's claims against Defendants—all of whom are purportedly California Department of Corrections and Rehabilitation employees—in their official capacity are properly treated as claims against the State of California itself.  *See Leer v. Murphy*, 844 F.2d 628, 631-32 (9th Cir. 1988) (finding claims against prison correctional officer, warden, and other officials in official capacity to be claims against State).  However, the Eleventh Amendment to the U.S. Constitution bars suits against states, state agencies, and state officials in their official capacity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.");  *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (California

9

Department of Corrections and Rehabilitation is a state agency entitled to Eleventh Amendment immunity); *Leer*, 844 F.2d at 631-32.  Accordingly, Plaintiff's claims for money damages against Defendants in their official capacity are barred by the Eleventh Amendment and must be DISMISSED.  *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claim brought under § 1983 in federal court . . ."); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam) (as amended) (damages claim against state prison officials sued in official capacity barred by Eleventh Amendment).

However, leave to amend is GRANTED.  If Plaintiff elects to file a First Amended Complaint, he shall either omit his claims against state employees in their official capacity or sue state employees in their official capacity for injunctive relief only.  However, if Plaintiff elects to do the latter, he also is cautioned that, "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's *policy or custom* must have played a part in the violation of federal law."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotation marks and citation omitted; emphasis added); *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (Plaintiff seeking injunctive relief against the State must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriate respond to injunctive relief.").  Accordingly, to state a claim against Defendants in their official capacity, Plaintiff must identify the policy or custom that caused the legal injuries alleged.

## IV.   CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **twenty-one (21) days** from the date of this Memorandum and Order within which to file a First Amended Complaint.  In any amended complaint, Plaintiff shall cure the defects described above.

10

**Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.**  Further, the First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action.  **It shall not refer to, or rely on, the Complaint or any other prior pleadings**, and claims and defendants that are not expressly included in the First Amended Complaint shall be deemed abandoned.

In any amended complaint, Plaintiff shall either omit his claim against Defendant Cortazar or explain with precision what facts support the inferences that:  (1) Defendant Cortazar knew that Plaintiff was facing an excessive risk of harm; and (2) took actions that exhibited a conscious disregard of that risk.  In any amended complaint, Plaintiff shall also omit his claims against Defendants Finander, Strecker, and/or Khu or explain with precision what facts support the inference that each of these Defendants directly participated in the harm to Plaintiff or that there is some other causal connection between each of these Defendants' conduct and the legal injuries alleged.

In any amended complaint, Plaintiff shall also either omit his ADA claim(s) or clearly identify which Defendants he believes violated the ADA, identify the disability he has, and clearly explain how Defendants excluded him from participating in or otherwise discriminated against him in the provision of prison services because of that disability.  Finally, in any amended complaint, Plaintiff shall also either omit his claims against state employees in their official capacity or identify the policy or custom that caused the legal injuries alleged and sue state employees in their official capacity for injunctive relief only.

**Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law.**  Plaintiff shall make clear the nature and grounds for each claim, specifically identify the defendants he maintains are liable for that claim, clearly and concisely explain the factual and legal basis for their liability, and identify which individual defendants are being

11

sued in their individual capacity and which are being sued in their official capacity.  Plaintiff is strongly encouraged to utilize the Central District's standard civil rights complaint form when filing any amended complaint.

**Plaintiff's failure to timely comply with this Order may result in a recommendation of dismissal.  If Plaintiff no longer wishes to pursue this action, in whole or in part, he may voluntarily dismiss it, or any portion of it, by filing a signed document entitled "Notice of Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

Further, in deciding whether to grant Plaintiff additional opportunities to amend his pleadings, the Court will keep in mind that Plaintiff voluntarily dismissed a prior lawsuit asserting a civil rights claim concerning the same operative facts as this one and against one or more of the instant Defendants after receiving several opportunities to amend his pleadings to state a claim upon which relief could be granted.  *See Batres v. Cortazar*, EDCV 19-1439-JFW (KS) (Jan. 24, 2020); *see also Gonzalez*, 759 F.3d at 1116 ("the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend").

DATE: June 25, 2020

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.